## GRANTHAM v. CANAAN.

The presumption of payment arising from lapse of time, is liable to be rebutted and overcome by proof of any facts and circumstances, the legitimate tendency of which is to render it more probable than otherwise, in the minds of the jury, that payment has not in fact been made.

Notwithstanding the legal presumption of payment arising from the lapse of time, the question of payment is still one of pure fact for the jury, and any evidence tending to satisfy them that no payment has actually been made, is competent and admissible.

ASSUMPSIT, for the support of a pauper. A material question was whether the pauper had gained a settlement in Canaan, by being taxed for his poll seven years in succession, and paying all taxes assessed against him. As tending to show that his tax was not paid for the year 1822,

the defendant town, after proof that there was no formal record of an abatement of said tax, offered the testimony of Nathaniel Currier, who testified that he acted as a selectman of Canaan for the year 1822, to which office he appeared by the records to have been duly elected; and that he, with one of the other selectmen, agreed to abate the said tax, and so informed the collector, and that, in their settlement with the collector, said tax was not accounted for as paid, and that no record of the separate abatements was made.

The record books of the selectmen of Canaan were then offered, as tending to prove that said tax was not paid, and the following extract was read to the jury:

"Expenditures of 1822. For collecting and abatements, Daniel Blaisdell, Jr., No. 25, $19.29. Daniel Blaisdell, Jr., No. 27, $8.68." It appeared that Daniel Blaisdell, Jr. was collector for 1822, to whom the tax in question was committed for collection, and it was proved to the court that no such papers as those referred to as No. 25 and No. 27, were to be found.

To the above testimony of Nathaniel Currier, and to the extract aforesaid, the plaintiffs objected, but the court ruled them to be competent. A verdict having been returned for the defendants, the plaintiffs excepted to the rulings of the court, and filed their bill of exceptions, which was allowed.

*H. A. Bellows,* (with whom was *Morse,*) for the plaintiffs.

*Pike & Barnard,* (with whom was *Murray,*) for the defendants.

FOWLER, J. It was a legal presumption of fact, after the lapse of twenty years, that the pauper's tax for 1822 had been paid. *Hopkinton* v. *Springfield,* 12 N. H. 328; *Colebrook* v. *Stewartstown,* 28 N. H. (8 Fost.) 75.

The presumption in such a case has been said to stand upon clear principle, built upon reason, the nature and character of man, and the result of human experience. It resolves itself into this, that every person, individual and corporate, will naturally possess and enjoy what belongs to him. It is because there are presumed to be no means of determining belief or disbelief, that such presumptions are raised. When those means are shown, they take the place of the presumption. *Hillary* v. *Waller,* 12 Vesey, Jr. 264.

The presumption in the present case was liable to be rebutted and overcome by proof of facts and circumstances, going to satisfy the jury that payment had not in fact been made. Any evidence, the legitimate tendency of which was to render it more probable than otherwise, in the judgment of the jury, that the pauper's tax for 1822 had not been paid, was competent and admissible for the purpose of resisting and repelling the presumption of payment, arising from the lapse of time. It was proper for the defendant to show the pecuniary ability, or rather the poverty, of the pauper at the time, and any other circumstances tending to induce the jury to conclude that the tax had not actually been paid. 1 Greenl. Ev., sec. 39; 2 Cowen and Hill's Notes to Phillipps' Ev. (n.) 207; 1 Edwards' Phillipps Ev. 676 (n.) 193; Mathews on Presumptive Evidence, ch. 19, 20; *Fladong* v. *Winter,* 19 Vesey, Jr. 106, (note a;) *Hillary* v. *Waller,* 12 Vesey, Jr. 239, and authorities cited in each.

Nor is it material to the competency of the evidence to which exception was taken, whether or not the action of two of the selectmen of Canaan, in agreeing to abate the tax of the pauper, was in law an abatement thereof. Notwithstanding the legal presumption arising from the lapse of time, it was a pure question of fact for the jury to pass upon, whether or not the tax had been actually paid; and it was only a difference in the degree and not in the char-

acter of the evidence on that point, whether the tax were actually abated, or circumstances existed rendering it proper, in the judgment of the tribunal authorized by law to abate it, that it should be abated, especially as the decision of this majority was communicated to the collector, and the evidence showed that he never accounted for the tax as having been paid to him.

There does not seem to be any room for doubt that the testimony to which objection was taken had a legitimate bearing on the issue before the jury, as to the presumed payment of the pauper's tax for 1822. It went very strongly to show that, at that time, the pecuniary condition of the pauper was such that a majority of the board of selectmen who made the assessment deemed it proper that he should be relieved from its payment; that, in consequence thereof, the collector was instructed not to enforce the payment, and that he never did account for it as having been paid, as it is to be presumed that, as a public officer, he would have done had he collected it.

The extracts from the town records, showing the allowance to the collector, on two different occasions, of a certain amount of abated or uncollectable taxes, seem to have been clearly admissible, in connection with the other testimony in the case, as secondary evidence tending to render it more probable than otherwise that the pauper's tax had not been paid. The other evidence showed that some taxes were abated, that no record of the particular abatements was made, that a majority of the selectmen were of the opinion that the pauper's tax ought not to be collected, and so notified the collector; while the extracts from the records went to confirm the other testimony, by showing that a certain amount of taxes had been allowed to the collector as abated, or uncollected and uncollectable, on two different occasions, among which might have been the tax of the pauper. The weight and importance of this evidence was a question for the jury. It seems to us to have been properly received.

.All the evidence to which objection was taken having, therefore, in our judgment, been properly admitted, the exceptions to the ruling of the court below must be overruled, and the judgment affirmed.

*Exceptions overruled.*